UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACK B. LEMONIK,<br><br>  Plaintiff,<br><br>vs.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>  Defendant. | : CIVIL ACTION NO. 08-CV-5596<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**CIVIL ACTION – ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT ON BEHALF OF MASSACHUSETTS MUTUAL LIFE INSURNACE COMPANY**

Massachusetts Mutual Life Insurance Company ("MassMutual"), by and through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLC by way of answer to the complaint filed on behalf of Jack B. Lemonik ("Lemonik") alleges and says:

### THE PARTIES

1. MassMutual is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 1 and leaves Lemonik to his proofs.

2. MassMutual admits the allegations contained in paragraph 2.

### JURISDICTION AND VENUE

3. MassMutual is without sufficient information to form a belief as to truth or falsity of the allegations contained in paragraph 3 and leaves Lemonik to his proofs.

4. MassMutual is without sufficient information to form a belief as to truth or falsity

of the allegations contained in paragraph 4 and leaves Lemonik to his proofs.

## FACTS

5.  MassMutual admits the allegations contained in paragraph 5, except to state that the policy of disability income insurance contains an issue date of September 25, 2001, and a policy date of September 1, 2001.

6.  MassMutual denies the allegations contained in paragraph 6, and begs leave to refer to the terms, conditions, limitations and exclusions contained in the policy of disability income insurance as if the same were fully set forth at length herein.

7.  MassMutual denies the allegations contained in paragraph 7.

8.  MassMutual denies the allegations contained in paragraph 8 and begs leave to refer to the terms, conditions, limitations and exclusions contained in the policy of disability income insurance as if the same were fully set forth at length herein.

9.  MassMutual denies the allegations contained in paragraph 9, except to admit on December 30, 2005, the policy of disability income insurance was in full force and effect.

10. MassMutual denies the allegations contained in paragraph 10.

11. MassMutual is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 11 and leaves Lemonik to his proofs.

12. MassMutual admits the allegations contained in paragraph 12, however, begs leave to refer to the terms and provisions of its correspondence dated December 6, 2006, which speaks for itself.

13. MassMutual admits to the receipt of correspondence dated November 1, 2007, however, begs leave to refer to the said correspondence which speaks for itself. To the extent the allegations contained in paragraph 13 vary, contradict or are inconsistent with the terms and

provisions of the said correspondence, the same are expressly denied.

14. MassMutual denies the allegations contained in paragraph 14, except to admit to the issuance of correspondence dated June 2, 2008, upholding its initial benefit determination of December 6, 2006.

## COUNT ONE

### (Breach of Contract)

15. MassMutual repeats and realleges each answer to the allegations contained in paragraphs 1 – 14, inclusive, as if the same were fully set forth at length herein.

16. MassMutual denies the allegations contained in paragraph 16 and begs leave to refer to the terms, conditions, limitations and exclusions contained in the policy of disability income insurance which speaks for itself.

17. MassMutual denies the allegations contained in paragraph 17, except to admit having declined Lemonik's claim for benefits under the policy of disability income insurance.

18. MassMutual denies the allegations contained in paragraph 18.

19. MassMutual denies the allegations contained in paragraph 19.

20. MassMutual denies the allegations contained in paragraph 20.

## COUNT TWO

### (Breach of Contract)

21. MassMutual repeats and realleges each answer to the allegations contained in paragraphs 1 – 20, inclusive, as if the same were fully set forth at length herein.

22. MassMutual denies the allegations contained in paragraph 22 and begs leave to refer to the terms, conditions, limitations and exclusions contained in the policy of disability income insurance which speaks for itself.

23. MassMutual denies the allegations contained in paragraph 23, except to admit to having declined payment of Lemonik's claim for benefits under the policy of disability income insurance.

24. MassMutual denies the allegations contained in paragraph 24.

## COUNT THREE

### (Breach of Contract)

25. MassMutual repeats and realleges each answer to the allegations contained in paragraphs 1 – 24, inclusive, as if the same were fully set forth at length herein.

26. MassMutual denies the allegations contained in paragraph 26 and begs leave to refer to the terms, conditions, limitations and exclusions contained in the policy of disability income insurance which speaks for itself.

27. MassMutual denies the allegations contained in paragraph 27, except to admit having declined Lemonik's claim for benefits under the policy of disability income insurance.

28. MassMutual denies the allegations contained in paragraph 28.

29. MassMutual denies the allegations contained in paragraph 29, except to admit the amount in controversy requirement of 28 U.S.C. §1332 is met.

## COUNT FOUR

### (Breach of Contract)

30. MassMutual repeats and realleges each answer to the allegations contained in paragraphs 1 – 29, inclusive, as if the same were fully set forth at length herein.

31. MassMutual denies the allegations contained in paragraph 31.

32. MassMutual denies the allegations contained in paragraph 32, except to admit to having declined payment of Lemonik's claim for benefits under the policy of disability income

insurance.

33.     MassMutual denies the allegations contained in paragraph 33.

## COUNT FIVE

### (Breach of Contract)

34.     MassMutual repeats and realleges each answer to the allegations contained in paragraphs 1 – 33, inclusive, as if the same were fully set forth at length herein.

35.     MassMutual denies the allegations contained in paragraph 35 and begs leave to refer to the terms, conditions, limitations and exclusions contained in the policy of disability income insurance which speaks for itself.

36.     MassMutual denies the allegations contained in paragraph 36.

37.     MassMutual denies the allegations contained in paragraph 37 except to admit having declined Lemonik's claim for waiver of premium benefits under the policy of disability income insurance.

38.     MassMutual denies the allegations contained in paragraph 38.

## COUNT SIX

### (Breach of Contract)

39.     MassMutual repeats and realleges each answer to the allegations contained in paragraphs 1 – 29, inclusive, as if the same were fully set forth at length herein.

40.     MassMutual denies the allegations contained in paragraph 40.

41.     MassMutual denies the allegations contained in paragraph 41.

42.     MassMutual denies the allegations contained in paragraph 42.

43.     MassMutual denies the allegations contained in paragraph 43.

44.     MassMutual denies the allegations contained in paragraph 44.

45. MassMutual denies the allegations contained in paragraph 45.

46. MassMutual denies the allegations contained in paragraph 46.

47. MassMutual is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 47 and leave Lemonik to his proofs.

## SEPARATE DEFENSES

1. The complaint fails to state a claim upon which relief may be granted.

2. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of waiver.

3. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of laches.

4. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of estoppel.

5. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of unclean hands.

6. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of unjust enrichment.

7. The causes of action and/or relief sought should be barred and/or precluded by virtue of plaintiff's failure to mitigate the damages sustained.

8. The causes of action and/or relief sought should be barred and/or precluded by virtue of the express terms, conditions, limitations and exclusions contained in the policy of disability income insurance.

9. The causes of action and/or relief sought should be barred and/or precluded by virtue of Lemonik's failure to satisfy the terms and conditions of the policy of disability income

insurance.

10.   The causes of action and/or relief sought should be barred and/or precluded to the extent Lemonik's disability, if any, commenced following the termination and/or lapse of the policy of disability income insurance.

WHEREFORE, Massachusetts Mutual Life Insurance demands that defendant be dismissed with prejudice and without costs.

                                            McElroy, Deutsch, Mulvaney & Carpenter, LLC
                                            Attorneys for Defendant, Massachusetts Mutual
                                            Life Insurance Company

                                            By: _____
                                                  Steven P. Del Mauro

Dated: July 14, 2008
1111915_1.doc